**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113878

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Elisa J. Mandelos, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Forster & Garbus, LLP and The Forster Group, Inc., <br><br> Defendants. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Elisa J. Mandelos, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Forster & Garbus, LLP and The Forster Group, Inc.(hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Elisa J. Mandelos is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Forster & Garbus, LLP, is a New York Limited Liability Partnership with a principal place of business in Suffolk County, New York.

8. On information and belief, Defendant The Forster Group, Inc., is a New York Corporation with a principal place of business in Suffolk County, New York.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated July 6, 2017. (**Exhibit 1.**)

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The Letter sets forth a "Balance due as of July 6, 2017."

18. The Letter provides a settlement offer.

19. The Letter states, "If the above settlement offer is not accepted by you and if interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater."

20. Defendants had no authority to add interest to the debt.

21. Defendants had no authority to add "other charges" to the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

22. Defendants had no authority to add "fees" to the debt.

23. The Letter would lead the least sophisticated consumer to believe that Defendants had authority to add interest to the debt.

24. The Letter would lead the least sophisticated consumer to believe that Defendants had authority to add "other charges" to the debt.

25. The Letter would lead the least sophisticated consumer to believe that Defendants had authority to add "fees" to the debt.

26. For these reasons, Defendants violated 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

27. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using a collection letter that implies Defendants had authority to add interest, "other charges," and or "fees" to the debt, when Defendants did not have such authority, from one year before the date of this Complaint to the present.

28. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

29. Defendants regularly engage in debt collection.

30. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts Defendants attempted to collect a consumer debt using a collection letter that implies Defendants had authority to add interest, "other charges," and or "fees" to the debt, when Defendants did not have such authority.

31. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

33. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

34. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendants' actions violate the FDCPA; and

d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS<sub>PLLC</sub>
100 Garden City Plaza, Suite 500
Garden City, New York 11530

DATED: June 29, 2018

                                    **BARSHAY SANDERS, PLLC**

                                    By:   */s/ Craig B. Sanders*
                                    Craig B. Sanders, Esq.
                                    100 Garden City Plaza, Suite 500
                                    Garden City, New York 11530
                                    Tel: (516) 203-7600
                                    Fax: (516) 706-5055
                                    csanders@barshaysanders.com
                                    *Attorneys for Plaintiff*
                                    Our File No.: 113878

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530