UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ELISA J. MANDELOS, individually and on
behalf of all others similarly situated,

                        Plaintiff,

        -against-

FORSTER & GARBUS, LLP and THE
FORSTER GROUP, INC.

                      Defendants.
--------------------------------------------------------------X

FILED
CLERK

2:30 pm, Jul 10, 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
18-CV-3821(SJF)(GRB)

FEUERSTEIN, District Judge:

I.     Introduction

     On July 2, 2018, plaintiff Elisa J. Mandelos ("plaintiff") commenced this putative class

action against defendants Forster & Garbus, LLP ("F&G") and The Forster Group, Inc. ("TFG")

(collectively, "defendants") alleging violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692, *et seq.* Pending before the Court is defendants' motion for

summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons

set forth below, defendants' motion is granted.


II.    Background

     A.    Factual Allegations[1]

---

[1] The factual allegations are taken from the pleadings and the parties' statements pursuant to Local Civil Rule 56.1
of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local
Civil Rule 56.1"), to the extent that they are properly supported pursuant to Rule 56(c) of the Federal Rules of Civil
Procedure. *See* Local Civil Rule 56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and
(b), including each statement controverting any statement of material fact, must be followed by citation to evidence
which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."); *New World Sols., Inc. v. NameMedia
Inc.*, 150 F. Supp. 3d 287, 305 (S.D.N.Y. 2015) ("[I]f a party fails to properly support a statement by an adequate

Plaintiff originally incurred the subject debt (the "Debt") to Citibank (South Dakota) N.A. ("Citibank"), (Defendants' Statement of Material Facts pursuant to Local Civil Rule 56.1(a) ["Def. 56.1"], ¶ 1; Plaintiff's Counterstatement pursuant to Local Civil Rule 56.1(b) ["Plf. 56.1"], ¶ 1); and fell behind on the payments owed at some unidentified time thereafter. (Complaint ["Compl."], ¶ 13; Answer ["Ans."], ¶ 12). The Debt was subsequently assigned or otherwise transferred to TFG for collection. (Compl., ¶ 14; Ans., ¶ 13).

On December 28, 2011, a judgment was entered against plaintiff in the District Court of the State of New York, County of Nassau, in a consumer credit action, *The Forster Group, Inc. APO Citibank v. Mandelos*, No. CV-036370-11/NA.[2] Joel D. Leiderman, Esq. ("Leiderman"), a senior associate attorney with F&G, avers, based upon his personal review of F&G's account collection notes concerning plaintiff maintained in the ordinary course of business, that the judgment: (i) was entered against plaintiff in the amount of four thousand seven hundred eighty-eight dollars and fifty-eight cents ($4,788.58); (ii) has been accruing interest at the rate of nine percent (9%) per annum; and (iii) was in the total amount of seven thousand seven hundred

---

citation to the record, the Court may properly disregard that assertion."); *F.D.I.C. v. Hodge*, 50 F. Supp. 3d 327, 343, n. 2 (E.D.N.Y. 2014) ("Statements without citation to evidence may be properly ignored by the court."); *Kaur v. New York City Health & Hosps. Corp.*, 688 F. Supp. 2d 317, 322 (S.D.N.Y. 2010) ("Where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion." (quotations, alterations and citation omitted)). Moreover, only those facts that are material to the disposition of the motions, *i.e.*, that "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), are set forth herein. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) ("The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" (brackets in original) (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505)). The following facts are undisputed unless otherwise indicated.

2 "A 'court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Burberry Ltd. v. Horowitz*, 534 F. App'x 41, 46 (2d Cir. Aug. 28, 2013) (summary order) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir.1998)).

sixty-three dollars and thirty-eight cents ($7,763.38) as of October 8, 2018.[3] (Affidavit of Joel D. Leiderman, Esq. ["Leiderman Aff."], ¶¶1, 3-7). Forster makes similar factual averments. (Forster Aff., ¶¶ 8-11).

In an effort to collect the Debt, defendants contacted plaintiff by letter dated July 6, 2017 (the "Letter"). (Compl., ¶ 15; Ans., ¶ 14). The Letter, *inter alia*, sets forth a "Balance Due as of July 6, 2017," in the amount of seven thousand two hundred twenty-one dollars and seventy-six cents ($7,221.76); "provides a settlement offer;" and states, "If the above settlement offer is not accepted by you and if interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater." (Compl., ¶¶ 17-19 and Ex. 1; Ans., ¶¶ 16-18).

The complaint alleges, *inter alia*, (i) that defendants "had no authority to add interest to the debt[,] . . . to add 'other charges' to the debt[,] . . . [or] to add 'fees' to the debt[,]" (Compl., ¶¶ 20-22); (ii) that the Letter "would lead the least sophisticated consumer to believe that Defendants had authority to add interest to the debt[,] . . . to add 'other charges' to the debt[,] . . . [and] to add "fees" to the debt[,]" (*id.*, ¶¶ 23-26); and (iii) that defendants, thus, violated 15 U.S.C. § 1692e.[4] (*Id.*, ¶ 26).

---

[3] Contrary to plaintiff's contention, Leiderman's statements based upon business records or other documentary evidence maintained by F&G in the regular course of business and reviewed by him in an official capacity are admissible, particularly since plaintiff has not contested the information contained therein. *See, e.g. Fletcher v. Standard Fire Ins. Co.*, 80 F. Supp. 3d 386, 394 (E.D.N.Y. 2015); *Serrano v. Cablevision Sys. Corp.*, 863 F. Supp. 2d 157, 163-64 (E.D.N.Y. 2012); *Brecher v. Midland Credit Mgmt., Inc.*, No. 18-cv-3142, 2019 WL 1171476, at * 3 (E.D.N.Y. Mar. 13, 2019). The same is true for the statements made by Evan Forster ("Forster"), the secretary-treasurer of TFG, (Affidavit of Evan Forster ["Forster Aff."], ¶ 1), based upon his personal review of TFG's business records. (*See Id.*, ¶ 3).

[4] Defendants admit that the Letter "would lead the least sophisticated consumer to believe that Defendants had authority to add interest to the debt[,] . . . to add 'other charges' to the debt[,] . . . [and] to add "fees" to the debt[,]" (Compl., ¶¶ 23-26; Ans., ¶¶ 22-24), but deny that it violates 15 U.S.C. §1692e. (Ans., ¶ 25). Nowhere in the complaint does plaintiff allege, *inter alia*, that the Letter "fail[ed] to advise [her] that the amount of the debt stated to be owed as of the date of the Letter was increasing due to accruing interest when, in fact, it was[,]" (Plaintiff's

Leiderman and Forster aver that "[i]n conjunction with the directives of TFG," F&G (i) "is authorized to accept a sum less than the amount set forth in the . . . [Letter]," (Leiderman Aff., ¶ 8; Forster Aff., ¶ 12); and (ii) "was authorized to collect post-judgment interest, costs and fees if [plaintiff] did not agree to enter into a lesser amount settlement." (Leiderman Aff., ¶ 9; Forster Aff., ¶ 13).

## B.    Procedural History

On July 2, 2018, plaintiff commenced this putative class action against defendants alleging violations of the FDCPA. Issue was joined by the service of an answer on behalf of defendants on August 13, 2018.

Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## III.   Discussion

### A.  Standard of Review

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018) (quoting Fed. R. Civ. P.

---

Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ["Plf. Opp."], at 1), and plaintiff has not sought leave to amend her complaint. In any event, "a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 77 (2d Cir. 2016) (emphasis added). As set forth below, the Letter accurately conveys that post-judgment interest, fees and "other charges" were possible, *i.e.*, that the amount of the debt stated therein might increase over time.

4

56(a)); *accord Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). In ruling on a summary

judgment motion, the district court must first "determine whether there is a genuine dispute as to

a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184,

202 (2d Cir. 2007) (internal quotations and citations omitted); *see also Ricci v. DeStefano*, 557

U.S. 557, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009) ("On a motion for summary

judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there

is a 'genuine' dispute as to those facts." (emphasis added) (internal quotations and citation

omitted). On a motion for summary judgment, "[a] fact is material if it 'might affect the outcome

of the suit under the governing law[.]'" *Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 25 (2d

Cir. 2015) (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505).

      In reviewing the record to determine whether there is a genuine issue for trial, the court

must "construe the evidence in the light most favorable to the non-moving party," *Centro de la

Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017)

(quotations, alterations and citation omitted), and "resolve all ambiguities, and credit all factual

inferences that could rationally be drawn, in favor of the party opposing summary judgment."

*Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019) (quotations and citation

omitted); *see also Hancock v. County of Rensselaer*, 882 F.3d 58, 64 (2d Cir. 2018) ("In

determining whether there is a genuine dispute as to a material fact, we must resolve all

ambiguities and draw all inferences against the moving party.") "A genuine issue of material fact

exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving

party.'" *Pollard v. New York Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017) (quoting

*Anderson*, 477 U.S. at 248, 106 S. Ct. 2505); *accord Nick's Garage, Inc. v. Progressive Casualty*

*Ins. Co.*, 875 F.3d 107, 113-14 (2d Cir. 2017). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci*, 557 U.S. at 586, 129 S. Ct. at 2677 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)); *accord Baez v. JetBlue Airways Corp.*, 793 F.3d 269, 274 (2d Cir. 2015).

"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (quotations, brackets and citation omitted); *accord Jaffer*, 887 F.3d at 114. "[W]hen the moving party has carried its burden[,] . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [,]" *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (quoting *Matsushita Elec.*, 475 U.S. at 586-87, 106 S. Ct. 1348), and must offer "some hard evidence showing that its version of the events is not wholly fanciful[.]" *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008) (quotations and citation omitted). The nonmoving party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56 (2d Cir. 2012) (quotations, brackets and citation omitted). "'The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient' to defeat a summary judgment motion[,]" *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (quoting *Anderson*, 477 U.S. at 252, 106 S. Ct. 2505); and "[a] court cannot credit a plaintiff's merely speculative or conclusory assertions." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012); *see also Federal Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) ("[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for

6

summary judgment."); *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) ("While we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party, . . . conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment[.]" (quotations, alterations and citations omitted)). Since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party[,] . . . [i]f the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S. Ct. 2505 (quotations and citations omitted).

### B.  FDCPA Claims

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."15 U.S.C. § 1692e. Since "the FDCPA is primarily a consumer protection statute, . . . [courts] must construe its terms in liberal fashion to achieve the underlying Congressional purpose[,]" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quotations, alterations and citations omitted), which "is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Id.* (quoting 15 U.S.C. § 1692(e)).

"[I]n considering whether a collection notice violates Section 1692e, [courts] apply the 'least sophisticated consumer' standard[,] . . . ask[ing] how the least sophisticated consumer— one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the

average, everyday, common consumer—would understand the collection notice." *Avila*, 817 F.3d at 75 (quotations and citations omitted). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

However, in applying the least sophisticated consumer standard, the Court must "bear in mind the [FDCPA's] 'dual purpose': in addition to protecting consumers against deceptive debt collection practices, the objective test . . . protects debt collectors from unreasonable constructions of their communications." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). Since the least sophisticated consumer standard "carefully preserve[s] the concept of reasonableness[,] . . . the FDCPA does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations of collection notices." *Id.* (quotations and citations omitted); *accord Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 52 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 1282, 203 L. Ed. 2d 280 (2019).

Initially, there is no genuine dispute that the Letter "provides a settlement offer." (Compl., ¶ 18; Ans., ¶ 19). What the complaint challenges as false or misleading about the Letter is only the statement leading the least sophisticated consumer to believe that defendants had authority to add interest, "other charges" and "fees" to the Debt if the settlement offer was not accepted by the recipient. (Compl., ¶¶ 20-26).

Defendants demonstrated their entitlement to judgment as a matter of law by submitting affidavits of their members and/or employees clearly indicating that they were, in fact, "authorized to collect post-judgment interest, costs and fees if [plaintiff] did not agree to enter into a lesser amount settlement." (Leiderman Aff., ¶ 9; Forster Aff., ¶ 13). Accordingly, the

Letter was not inaccurate in "lead[ing] the least sophisticated consumer to believe" that defendants had authority to recover post-judgment interest, fees and "other charges," (Compl., ¶¶ 23-25), and, thus, does not violate Section 1692e. *See, e.g. Avila v. Reliant Capital Sols., LLC*, --- F. App'x ---, 2019 WL 2359386, at * 1 (2d Cir. June 4, 2019) (summary order) (affirming the district court's dismissal of the plaintiff's FDCPA claims because the defendant's "letter was not inaccurate in stating that 'late charges and other charges' were possible."); *Taubenfliegel v. EGS Fin. Care, Inc.*, 764 F. App'x 76, 77 (2d Cir. Apr. 4, 2019) (summary order) (holding that since the defendant's letter "advises that the debt may increase over time," it satisfied the requirements of Section 1692e). Since the Letter accurately conveyed to plaintiff that post-judgment interest, fees and "other charges" were possible, *i.e.*, that the amount of the debt stated therein might increase over time, defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's FDCPA claims are dismissed in their entirety with prejudice.

IV.     Conclusion

For the reasons set forth above, defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's FDCPA claims are dismissed in their entirety with prejudice. The Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

_____/s/_____
Sandra J. Feuerstein
United States District Judge

Dated: July 10, 2019
        Central Islip, New York